JOHNSON COUNTY SAVINGS BANK *v.* WOOTTEN.

Where, on the trial of an action against the maker of promissory notes by the indorsee thereof, there was evidence tending to show that the plaintiff took the notes after maturity, and therefore subject to any defense that the maker might have had against the original payee, it was not error to admit evidence that the consideration for which the notes were given had failed.

Submitted October 31, — Decided November 14, 1903.

Complaint. Before Judge Toombs. City court of Washington. August 8, 1903.

*R. C. Norman*, for plaintiff.    *Colley & Sims*, for defendant.

CANDLER, J.    This was a suit, in the city court of Washington, on two promissory notes for $30 each, dated Iowa City, Iowa, December 19, 1900, and due, one nine months and the other eleven months after date.    The notes, which were signed by R. H. Wootten, were made payable to the order of W. F. Main Company, and by that company endorsed to the order of the Johnson County Savings Bank, of Iowa City, in whose name the suit was brought.    The jury found for the defendant, and to the overruling of its motion for a new trial the plaintiff excepted.    Aside from the general grounds that the verdict was contrary to law and the evidence, the motion for a new trial contains only one ground, viz., that the court erred in admitting in evidence, over the objection of plaintiff, a copy of a contract entered into between the defendant and the W. F. Main Company, wherein the Main Company guaranteed the quality of certain jewelry sold by it to the defendant, for the purchase-price of which the notes sued on were given, the objection being that "there was no notice brought home to the plaintiff of said contract, and no evidence that they had any knowledge of same."    Of course, if it were conceded that the plaintiff was a bona fide purchaser of the notes sued on, before maturity, for value and without notice, there could be no doubt that the evidence was inadmissible, and that its admission would work the grant of a new trial.    This, however, instead of being conceded, was the main issue on the trial.    The notes themselves do not show when the transfer was made to the bank.    Witnesses for the plaintiff testified most positively that they were transferred on January 18, 1901, less than a month after they were executed, and

more than eight months before the maturity of the one first falling due. ' These witnesses also testified that the transfer was for value and without notice of any equities in the maker. On the other hand, there was evidence for the defendant which, if believed by the jury, authorized them to find that at the time of the maturity of the notes, when they were sent to Washington for collection, they had not been indorsed to the plaintiff bank except for collection, and that title to the paper had not passed from the W. F. Main Company. This evidence, it is true, was not so positive in its nature as that for the plaintiff as to the time when the notes were transferred; still it was strong enough to warrant the jury in believing it in preference to that which it contradicted. It follows that if, as the jury had a right to find, the plaintiff took the notes. after maturity, it took them subject to any defenses which might have been set up against the Main Company; and in this view of the case the evidence was clearly admissible. The defendant testified that the jewelry for which the notes were given was sold to him with a guaranty; that the goods were worthless and wholly failed to come up to the guaranty. In view of this evidence, and of what has already been laid down, the verdict was authorized, and it was not error to overrule the motion for a new trial.            *Judgment affirmed. All the Justices concur.*